UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

MELVIN McCLEOD,

                                   Plaintiff,

      -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND W. KELLY, DEPUTY INSPECTOR PHILIP
BANKS, LT. JOHN GARRITY, DETECTIVE SONIA
HERRERA, DETECTIVE MICHAEL KNOTT,
DETECTIVE RAMONITA PEREZ, DETECTIVE
MORALES, POLICE OFFICER TEJADA, POLICE
OFFICER SIMONETTI, POLICE OFFICERS #JOHN
DOE 1 & 2

                                   Defendants.

---------------------------------------------------------------- x

JUDGE PRESKA

COMPLAINT AND
JURY DEMAND

07 CV 3475

Docket No.

ECF CASE

RECEIVED
MAY 01 2007
U.S.D.C. S.D.N.Y.
CASHIERS

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, §1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from three incidents, on February 10, 2006, February 20, 2006, and February 24, 2006, on which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, false arrest, false imprisonment, malicious prosecution, trespass, trespass to chattel, and conversion.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as

the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiffs' state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times here relevant resided in Kings County, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. New York Police Commissioner Raymond Kelly ("Kelly") was at all times here relevant the Commissioner of the New York City Police Department, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers, including the other individual defendants. Kelly is sued in his individual and official capacities.

10. Deputy Inspector Philip Banks ("Banks") was at all times here relevant the commanding officer of the 79th Precinct, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers within the precinct, including the other individual defendants. Banks is sued in his individual and official capacities.

11. Lieutenant John Garrity ("Garrity") was at all times here relevant the lieutenant of the

79th precinct, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers within the 79th precinct, including the other individual defendants. Lt. Garrity is sued in his individual and official capacities.

12. All others individual defendants ("the officers") are employees of the NYPD, and are sued in their individual capacities.

13. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

14. Within 90 days of the events giving rise to the claim, plaintiff filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

15. Within 90 days of the dismissal of the charges, plaintiff filed a written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

16. On February 10, 2006, at approximately 7:30 P.M., plaintiff was falsely arrested and falsely imprisoned by officers at the 79th precinct and his apartment keys and other personal property was unlawfully confiscated. A criminal prosecution was maliciously initiated and continued by the Police Officers without probable cause. The charges were dismissed in plaintiff's favor.

17. On February 17, 2006, plaintiff was unlawfully denied his apartment keys when he went to retrieve them at the 79th precinct.

18. On February 20, 2006, a police officer unlawfully entered plaintiff's apartment with his keys and threatened to return until he "got" him.

19. On February 24, 2006, at approximately 8:20 P.M., police officers unlawfully entered plaintiff's apartment, plaintiff was falsely arrested and falsely imprisoned by officers at the 79th precinct. His apartment keys were again unlawfully confiscated. A criminal prosecution was maliciously initiated and continued without probable cause by the Police Officers. The charges were dismissed in plaintiff's favor.

20. At all times during the events described above, defendant police officers were engaged in a joint venture. The individual officers formed an agreement and assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

21. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

22. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

    b. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

    c. Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

d. Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

e. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

f. Loss of liberty;

g. Damage to personal property; damage to landlord's property for which the landlord will seek to recover from plaintiff

h. impairment of enjoyment of life;

i. Attorney's and court fees.

## FIRST CAUSE OF ACTION
### (42 USC § 1983)

23. All above referenced paragraphs are here incorporated by reference.

24. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC § 1983.

25. Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

26. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
### (MUNICIPAL AND SUPERVISORY LIABILITY)

27. All above referenced paragraphs are here incorporated by reference.

28. The City, Kelly, Banks and Garrity are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

29. The City, Kelly, Banks and Garrity knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

30. The aforesaid event was not an isolated incident. The City, Kelly, Banks and Garrity have been aware for some time (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on what observations are required to form probable cause to make an arrest and the observations and circumstances required before an officer may lawfully enter and search a dwelling. The City, Kelly, Banks and Garrity are further aware, from the same sources, that NYPD officers routinely ignore the necessary predicates for making arrests and entering a dwelling, and that a "wall of silence" exists by which police officers enter citizens' dwellings without fear of reprisal. The City, Kelly, Banks and Garrity fail to discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. Further, there is no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, the City, Kelly, Banks and Garrity have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City, Kelly, Banks and Garrity are aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate

plaintiff's civil rights, without fear of reprisal.

31. The City, Kelly, Banks and Garrity knew or should have known that the officers who caused plaintiff's injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City, Kelly, Banks and Garrity failed to take corrective action. Without proper supervision not only is this abusive behavior ignored, it is condoned.

32. The City, Kelly, Banks and Garrity have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

33. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City, Kelly, Banks and Garrity to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

34. Defendants the City, Kelly, Banks and Garrity have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

35. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the the City, Kelly, Banks and Garrity.

### THIRD CAUSE OF ACTION
(FALSE ARREST AND FALSE IMPRISONMENT)

36. The above paragraphs are here incorporated by reference.

37. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

38. There was no reasonable expectation of successfully prosecuting plaintiff.

39. Plaintiff was aware of his confinement and did not consent.

40. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and

7

have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

41. Plaintiff was damaged by false arrest, imprisonment, and deprivation of liberty caused by defendants.

## FOURTH CAUSE OF ACTION
(MALICIOUS PROSECUTION)

42. The above paragraphs are here incorporated by reference.

43. Defendants, acting with malice, initiated a prosecution against plaintiff and caused him to be prosecuted.

44. The criminal proceedings were terminated favorably to defendant.

45. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983, New York State common law, and the New York State Constitution.

46. As a result of the malicious prosecution implemented by defendants, plaintiff was damaged.

## FIFTH CAUSE OF ACTION
(TRESPASS)

47. The above paragraphs are here incorporated by reference.

48. Defendants voluntarily and intentionally entered upon plaintiffs' real property without consent.

49. Defendants destroyed property belonging to plaintiffs during the trespass.

50. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to plaintiffs under New York State common law, 42 USC §1983 and the New York State Constitution.

8

51. As a result of the trespass, plaintiffs were damaged.

### SIXTH CAUSE OF ACTION
### (TRESPASS TO CHATTEL)

52. The above paragraphs are here incorporated by reference.

53. Defendants voluntarily and intentionally interfered with plaintiffs' possession of their personal property.

54. Defendants' interference with plaintiffs' personal property caused damage.

### SEVENTH CAUSE OF ACTION
### (CONVERSION)

55. The above paragraphs are here incorporated by reference.

56. Defendants voluntarily and intentionally substantially interfered with plaintiffs' possession of their personal property.

57. Defendants' substantial interference with plaintiffs' personal property caused an alteration to the character of the personal property.

### EIGHTH CAUSE OF ACTION
### (ASSAULT)

58. The above paragraphs are here incorporated by reference.

59. Upon approaching plaintiff and arresting him, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

60. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

61. Plaintiff was damaged by defendants' assaults.

### NINTH CAUSE OF ACTION
### (BATTERY)

62. The above paragraphs are here incorporated by reference.

63. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him.

64. Defendants used excessive and unnecessary force with plaintiff under the circumstances.

65. Defendants have deprived plaintiff of his common law, civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983 and the New York State Constitution.

66. Plaintiff was damaged by the battery of the defendants.

### TENTH CAUSE OF ACTION
### (CONSTITUTIONAL TORT)

67. All preceding paragraphs are here incorporated by reference.

68. Defendants, acting under color of law, violated plaintiff's rights pursuant to §§6 and 12 of the New York State Constitution.

69. A damages remedy here is necessary to effectuate the purposes of §§6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

### ELEVENTH CAUSE OF ACTION
### (RESPONDEAT SUPERIOR)

70. The preceding paragraphs are here incorporated by reference.

71. Defendants' intentional tortious acts were undertaken within the scope of their

employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

72. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:   Brooklyn, New York
         April 30, 2007

TO:   New York City
      Corporation Counsel Office
      100 Church Street, 4th floor
      New York, NY 10007

      Police Commissioner Raymond W. Kelly
      1 Police Plaza
      Room 1406
      New York, NY 10006

Yours, etc.,

LEO GLICKMAN
Bar #LG3364
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY 11217
(718) 852-3710
lglickman@stollglickman.com

Deputy Inspector Inspector Philip Banks III
Brooklyn South Patrol Bureau
2820 Synder Ave.
Brooklyn NY 11226

Lt. John Garrity
Pension Dept.
233 Broadway, 25th Floor
New York, NY 10279

Detective Michael E. Knott
Shield #4446
79th Precinct
263 Tompkins Avenue
Brooklyn, NY 11221

Detective Ramonita Perez
Shield #03246
Patrol Brooklyn North
Narcotics Division
179 Wilson Avenue
Brooklyn NY 11237

Detective Sonia Herrera
Shield #7825
Patrol Brooklyn North
Narcotics Division
179 Wilson Avenue
Brooklyn NY 11237

Detective Morales
79th Precinct
263 Tompkins Avenue
Brooklyn, NY 11221

Police Officer Tejada
79th Precinct
263 Tompkins Avenue
Brooklyn, NY 11221

Police Officer Simonetti
79th Precinct
263 Tompkins Avenue
Brooklyn, NY 11221