

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

DAVID M. HAZAN
*Assistant Corporation Counsel*
Room 3-186
Telephone: (212) 788-8084
Facsimile: (212) 788-9776
dhazan@law.nyc.gov

May 22, 2007

**VIA HAND DELIVERY**
Honorable Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re: <u>Melvin McCleod v. City of New York et al.</u>, 07 Civ. 3475 (LAP)

Your Honor:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to the defense of the above matter on behalf of defendant City of New York. In essence, plaintiff's complaint alleges false imprisonment, malicious prosecution and deprivation of property following incidents occurring on February 10, 2006, February 20, 2006, and February 24, 2006. Consequently, I write to respectfully request a sixty day enlargement of time, until July 24, 2007, for this Office to respond to the complaint. Based upon the date of service on this Office, the City's response is presently due on or about May 24, 2007. Plaintiff's counsel has consented to this request, and I note further that no previous request for an extension has been made in this action.[1]

    There are several reasons for seeking an enlargement of time in this matter. In accordance with this Office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. In this case, plaintiff alleges that he

---

[1] According to the docket sheet, the individuals named in the caption as Police Commissioner Raymond Kelly, Deputy Inspector Philip Banks, Lieutenant John Garrity, Detective Sonia Herrera, Detective Michael Knott, Detective Ramonita Perez, Detective Morales, Police Officer Simonetti, and Police Officer Tejada have not been served. Without appearing on their behalf, it is respectfully requested that, if they are served prior to July 24, 2007, the same extension be granted to them in order to ensure that their defenses are not jeopardized while representation issues are being decided.

was falsely arrested, maliciously prosecuted and that he was deprived of property. Accordingly, it is necessary for our office to acquire as much information as possible concerning this matter in order to properly assess the case and respond to the complaint. Currently, this office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of records that may have been sealed pursuant to New York Criminal Procedure Law § 160.50. The executed releases are necessary for our office to obtain the District Attorney, Criminal Court and police records pertaining to plaintiff's underlying arrest and prosecution. In addition, given plaintiff's allegations that he was subjected to emotional distress and physical injury, a release for any records of medical treatment must also be obtained.

Further, assuming plaintiff effects timely service on the individual defendant, the extension should allow time for this Office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent the individually named defendants. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

I would like to assure the Court that we are attempting to move forward in this litigation as expeditiously as possible, and that the requested enlargement is necessary in order for us to proceed effectively. Accordingly, we would respectfully ask that the Court grant our request for a sixty day enlargement of the City defendants' time to respond to the complaint, until July 24, 2007.

I thank the Court for its time and consideration in this matter.

SO ORDERED
*Loretta A. Preska*
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE
May 23, 2007

Respectfully submitted,

David M. Hazan
David M. Hazan (DH-8611)
Assistant Corporation Counsel
Special Federal Litigation Division

cc: By Fax (718) 228-6439
Leo Glickman, Esq.
71 Nevins Street
Brooklyn, NY 11217

2