UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

MELVIN McCLEOD,

                                         Plaintiffs,

                                -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND W. KELLY, DEPUTY INSPECTOR PHILIP
BANKS, LT. JOHN GARRITY, DETECTIVE SONIA
HERRERA, DETECTIVE MICHAEL KNOTT,
DETECTIVE RAMONITA PEREZ, DETECTIVE
MORALES, POLICE OFFICER TEJADA, POLICE
OFFICER SIMONETTI, POLICE OFFICERS # JOHN
DOE 1 & 2,

                                         Defendants.

**ANSWER OF DEFENDANTS CITY OF NEW YORK, COMMISSIONER RAYMOND W. KELLY, DEPUTY CHIEF PHILLIP BANKS III, DETECTIVE SONIA HERRERA, AND DETECTIVE RAMONITA PEREZ TO PLAINTIFF'S COMPLAINT**

07 Civ. 3475 (LAP)

Jury Trial Demanded

------------------------------------------------------------------- x

        Defendants City of New York, Commissioner Raymond W. Kelly, Deputy Chief Philip Banks III, Detective Sonia Herrera, and Detective Ramonita Perez, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Complaint ("Complaint"), respectfully allege, upon information and belief, as follows[1]:

        1.    Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.    Deny the allegations set forth in paragraph "2" of the complaint.

---

[1] According to the docket sheet, the individuals named in the caption as Lieutenant John Garrity, Detective Michael Knott, Detective Morales, Police Officer Simonetti, and Police Officer Tejada have not been served with process.

3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to proceed as stated therein.

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to bring this action and invoke the jurisdiction of this Court as stated therein.

5. Deny the allegations set forth in paragraph "5" of the complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base venue as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Admit the allegations set forth in paragraph "8" of the complaint.

9. Paragraph "9" of the complaint states a legal conclusion to which no response is required. To the extent a response is required, defendants deny the allegations, except admit that Raymond W. Kelly was the Commissioner of the New York City Police Department on February 10, 2006, February 17, 2006, February 20, 2006, and February 24, 2006 and still is the Police Commissioner, and further admit that plaintiff purports to proceed as stated therein.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that Philip Banks was the Commanding Officer of the 79th Precinct and further admit that plaintiff purports to proceed as stated therein.

11. Deny the allegations set forth in paragraph "11" of the complaint, except specifically deny knowledge or information sufficient to form a belief as to the truth of so much of paragraph "11" as alleges that Lieutenant John Garrity was a Lieutenant in the 79th Precinct on

February 10, 2006, February 17, 2006, February 20, 2006, and February 24, 2006, and admit that plaintiff purports to proceed as stated therein

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint, except admit that Ramonita Perez and Sonia Herrera are employees of the New York City Police Department and further admit that plaintiff purports to proceed as stated therein.

13. Paragraph "13" of the complaint states a legal conclusion to which no response is required.

14. Deny the allegations set forth in paragraph "14" of the complaint. See Notice of Claim, dated April 5, 2007, annexed hereto as Exhibit "A."

15. Deny the allegations set forth in paragraph "15" of the complaint. See Notice of Claim, dated April 5, 2007, annexed hereto as Exhibit "A;" Certificate of Disposition, dated February 16, 2006, annexed hereto as Exhibit "B;" Certificate of Disposition, dated January 11, 2007, annexed hereto as Exhibit "C."

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint. See Search Warrant, dated February 24, 2006, annexed hereto as Exhibit "D;" Arrest Report, dated February 24, 2006, annexed hereto as Exhibit "E;" Field Test report, dated February 24, 2006, annexed as Exhibit "F;" Property Clerk's Invoices N083663, N083654, N083656, and N083657, annexed hereto as Exhibit "G."

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint and its subparts.

23. In response to the allegations set forth in paragraph "23" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "22" inclusive of this answer, as if fully set forth herein.

24. Deny the allegations set forth in paragraph "24" of the complaint. See Search Warrant, dated February 24, 2006, annexed hereto as Exhibit "D;" Arrest Report, dated February 24, 2006, annexed hereto as Exhibit "E;" Field Test report, dated February 24, 2006, annexed as Exhibit "F;" Property Clerk's Invoices N083663, N083654, N083656, and N083657, annexed hereto as Exhibit "G."

25. Deny the allegations set forth in paragraph "25" of the complaint. See id.

26. Deny the allegations set forth in paragraph "26" of the complaint. See id.

27. In response to the allegations set forth in paragraph "27" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "26" inclusive of this answer, as if fully set forth herein.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "35" inclusive of this answer, as if fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the complaint. See id.

38. Deny the allegations set forth in paragraph "38" of the complaint. See id.

39. Deny the allegations set forth in paragraph "39" of the complaint. See id.

40. Deny the allegations set forth in paragraph "40" of the complaint. See id.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "41" inclusive of this answer, as if fully set forth herein.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. In response to the allegations set forth in paragraph "47" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "46" inclusive of this answer, as if fully set forth herein.

48. Deny the allegations set forth in paragraph "48" of the complaint. See id.

49. Deny the allegations set forth in paragraph "49" of the complaint. See id.

50. Deny the allegations set forth in paragraph "50" of the complaint. See id.

51. Deny the allegations set forth in paragraph "51" of the complaint. See id.

52. In response to the allegations set forth in paragraph "52" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "51" inclusive of this answer, as if fully set forth herein.

53. Deny the allegations set forth in paragraph "53" of the complaint

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. In response to the allegations set forth in paragraph "52" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "51" inclusive of this answer, as if fully set forth herein.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. In response to the allegations set forth in paragraph "58" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "57" inclusive of this answer, as if fully set forth herein.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. In response to the allegations set forth in paragraph "62" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "61" inclusive of this answer, as if fully set forth herein.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. In response to the allegations set forth in paragraph "67" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "66" inclusive of this answer, as if fully set forth herein.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. Deny the allegations set forth in paragraph "69" of the complaint.

70. In response to the allegations set forth in paragraph "70" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "69" inclusive of this answer, as if fully set forth herein.

71. Deny the allegations set forth in paragraph "71" of the complaint.

72. Deny the allegations set forth in paragraph "72" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

73. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

74. Defendants City of New York, Commissioner Raymond W. Kelly, Deputy Chief Philip Banks III, Detective Sonia Herrera, and Detective Ramonita Perez have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

75. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

76. Plaintiff has failed to comply, in whole or in part, with conditions precedent to suit under state law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

77. Plaintiff provoked any incident.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

78. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

79. There was probable cause and/or reasonable suspicion to stop and/or detain plaintiff.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

80. To the extent that the complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

81. Plaintiff cannot obtain punitive damages as against the City of New York.

### AS FOR A TENTH AFFIRMATIVE DEFENSE

82. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS FOR AN ELEVENTH AFFIRMATIVE DEFENSE

83. Defendants Commissioner Raymond W. Kelly, Deputy Chief Philip Banks III, Detective Sonia Herrera, and Detective Ramonita Perez have not violated any clearly

established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

## AS FOR A TWELFTH AFFIRMATIVE DEFENSE

84. Defendants Commissioner Raymond W. Kelly and Deputy Chief Philip Banks III had no personal involvement in the alleged incident.

**WHEREFORE,** defendants City of New York, Commissioner Raymond W. Kelly, Deputy Chief Philip Banks III, Detective Sonia Herrera, and Detective Ramonita Perez request judgment dismissing the Complaint, as against it with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 23, 2007

    MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendants City of New York,
Commissioner Raymond W. Kelly, Deputy Chief
Philip Banks III, Detective Sonia Herrera, and
Detective Ramonita Perez
100 Church Street
New York, New York 10007
(212) 788-8084

By: _David M. Hazan_
    David M. Hazan (DH-8611)
    Assistant Corporation Counsel
    Special Federal Litigation Division

To: **BY FIRST CLASS MAIL**
Leo Glickman, Esq.
Attorney For Plaintiff
71 Nevins Street
Brooklyn, N.Y. 11217

Docket No.: 07 Civ. 3475 (LAP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MELVIN McCLEOD,

Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE COMMISSIONER RAYMOND W. KELLY, DEPUTY INSPECTOR PHILIP BANKS, LT. JOHN GARRITY, DETECTIVE SONIA HERRERA, DETECTIVE MICHAEL KNOTT, DETECTIVE RAMONITA PEREZ, DETECTIVE MORALES, POLICE OFFICER TEJADA, POLICE OFFICER SIMONETTI, POLICE OFFICERS # JOHN DOE 1 & 2,

Defendants.

**ANSWER TO COMPLAINT BY DEFENDANTS CITY OF NEW YORK, COMMISSIONER RAYMOND W. KELLY, DEPUTY CHIEF PHILLIP BANKS, DETECTIVE SONIA HERRERA, AND DETECTIVE RAMONITA PEREZ**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York, Commissioner Raymond W. Kelly, Deputy Chief Philip Banks III, Detective Sonia Herrera, and Detective Ramonita Perez*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: David M. Hazan*
*Tel: (212) 788-8084*

*Due and timely service is hereby admitted.*

*New York, N.Y. ................................,2007*
*................................................................ Esq.*

*Attorney for ................................*

- 10 -

## **DECLARATION OF SERVICE BY ECF AND FIRST-CLASS MAIL**

I, David M. Hazan, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on July 23, 2007, I served the annexed Answer of Defendants City of New York, Commissioner Raymond W. Kelly, Deputy Chief Philip Banks III, Detective Sonia Herrera, and Detective Ramonita Perez, by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, upon the following:

> Leo Glickman, Esq.
> Attorney For Plaintiff
> 71 Nevins Street
> Brooklyn, N.Y. 11217

Dated: New York, New York
      July 23, 2007

 

*David M. Hazan*
David M. Hazan
Assistant Corporation Counsel
Special Federal Litigation Division